ment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff. The action was to recover for goods sold and delivered and for damages for an alleged failure on the part of defendant to accept certain goods. Plaintiff contended that it was not obliged to make delivery of the goods until it received shipping instructions. Defendant contended that plaintiff was obliged to make deliveries irrespective of whether or not shipping instructions were given.

*Horace London* for appellant.

*Ilo Orleans* and *Aaron A. Feinberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

EDWARD SYMANSKI, an Infant, by STANISLAW SYMANSKI, His Guardian ad Litem, Respondent, *v.* NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Appellant.

STANISLAW SYMANSKI, Respondent, *v.* NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Appellant.

*Negligence — gas and electricity — boy injured, while climbing in tree, by coming in contact with electric wire.*

*Symanski v. N. Y. & Queens E. L. & P. Co.* (2 cases), 207 App. Div. 862, affirmed.

(Submitted January 11, 1924; decided February 19, 1924.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 20, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff, a boy twelve years of age, through the negligence of defendant. The second, by the father of the infant, was to recover for loss of services and expense arising from such injuries. The boy while climbing a tree came

in contact with one of defendant's electric wires causing the injury complained of. It was alleged that the insulation was defective.

*Chauncey B. Garver* for appellant.

*Edgar J. Treacy* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: MCLAUGHLIN, J.

---

DISLINDA GILL, as Administratrix of the Estate of ANTHONY GILL, Deceased, Respondent, *v.* UNITED AMERICAN LINES, Appellant.

*Negligence — master and servant — employee of shipowner injured while at work scraping and painting vessel — when section 113 of Workmen's Compensation Law applicable.*

*Gill* v. *United American Lines*, 206 App. Div. 778, affirmed.
(Argued January 11, 1924; decided February 19, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 3, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Decedent, while in the employ of defendant and engaged in scraping and painting near a hatchway on one of its ships in the Erie basin, was struck by a falling small boat which had been insecurely propped up on its side on the deck near where decedent was working, knocked into the hold and received the injuries complained of. (See 236 N. Y. 643.)

*E. C. Sherwood* and *Clarence S. Zipp* for appellant.

*William S. Butler* and *James A. Gray* for respondent.

Judgment affirmed, with costs, on the ground that the provisions of section 113 of the Workmen's Compensation Law are applicable.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.